IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, and its Trustees; NATIONAL ELECTRICAL BENEFIT FUND, and its Trustees; NEW MEXICO ELECTRICIANS RETIREMENT BENEFIT FUND, and its Trustees; JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST FUND; CONTRACT ADMINISTRATION FUND; and the NATIONAL LABOR-MANAGEMENT COOPERATION FUND | § § § § § § § § § § § § § § § § | CIVIL ACTION No. 3-09 CV 0471-M |
| vs. | | |
| G&M ELECTRIC, INC. and HARTFORD FIRE INSURANCE COMPANY | § § § | |

## AFFIDAVIT OF TOM D. MATTHEWS, JR.
## SUPPLEMENTING MOTION FOR DEFAULT JUDGMENT

STATE OF TEXAS          §

COUNTY OF DALLAS    §

BEFORE ME, the undersigned authority, personally appeared Tom D. Matthews, Jr., who, upon oath, duly sworn, deposed and stated as follows:

"My name is Tom D. Matthews, Jr. I am over the age of eighteen years, competent to make this Affidavit, and I have never been convicted of a criminal offense with the exception of minor traffic matters. I am a partner in the firm of Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P., counsel of record for the Plaintiffs in the above styled and numbered cause, and I have personal knowledge of the matters stated herein.

The New Mexico Electricians Retirement Benefit Fund provides for liquidated damages and interest for delinquent employers. Attached is a portion of the Agreement and Declaration of Trust of the New Mexico Electricians Retirement Benefit Fund describing the provisions for liquidated damages and interest which provides as follows:

As to liquidated damages:

> "...the amount of expenses and damages resulting to the Fund from each failure to report such monthly contributions shall be conclusively presumed to be TEN DOLLARS ($10.00) per each non-reported employee for each month in which any employer is so in default."

As to interest:

> "...interest on such contributions which are late shall accrue on and after the first day of delinquency at the rate of eighteen percent (18%) per annum until such contributions are paid. Such interest shall accrue in addition to any liquidated damages which may be assessed."

_____
Tom D. Matthews, Jr.

SUBSCRIBED AND SWORN to before me, on this the 10th day of December, 2009, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas


PAT WEAVER
My Commission Expires
May 28, 2013

AFFIDAVIT OF TOM D. MATTHEWS, JR.
SUPPLEMENTING MOTION FOR DEFAULT JUDGMENT                                  Page 2
T:\219\4\4212\62492\AffidavitTMJ.wpd

7.3 <u>Collection and Enforcement of Payments</u>. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Office if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect, and receive employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money, and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

In addition, the Trustees shall have authority to pursue, in addition to that specified in the preceding paragraph, whatever action they deem to be expedient and prudent under the circumstances and which shall include, but not be limited to, any one or more of the following:

(a) <u>Production of Records Upon Demand</u>. Each delinquent employer shall promptly furnish to the Trustees the names of his employees, their Social Security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, audit and examine the pertinent employment and payroll records of each employer at the employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information with respect to an employee's employment status.

(b) <u>Collection Costs and Liquidated Damages</u>. In the even that upon audit made by the Trustees and/or upon other evidence (such as submission of late reports and/or contributions) it is found by

20

the Trustees that an employer has failed to make required employer contributions, the Trustees are authorized and empowered:

(i) <u>To Impose Liquidated Damages</u>. The parties recognize and acknowledge that the regular and prompt reporting of employer contributions to the Fund is essential to the effective maintenance of this Fund and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Fund which would result from the failure to any employer to report such monthly contributions within the time above provided; therefore, in the absence of ascertainable damages, the amount of expenses and damages resulting to the Fund from each failure to report such monthly contributions shall be conclusively presumed to be TEN DOLLARS ($10.00) per each non-reported employee for each month in which any employer is so in default. Such liquidated damages shall become due on the day following the date on which the filing of the report becomes delinquent. This Section is intended to provide for liquidated damages and not for penalties; and in no event shall this paragraph be applicable to delinquencies in payments resulting from unintentional clerical errors in the computation of amounts due. Since the circumstances of each case may vary, the Trustees shall have absolute discretion in determining whether suit should be filed to collect liquidated damages.

(ii) If an employer fails to pay contributions whether because of reporting the employee and not making proper payment of contributions or by not reporting the Employee and thereby not making payment of contributions which are due to the Fund by the fifteenth day of each month or the first business day thereafter if the fifteenth shall fall on a Saturday, Sunday or legal holiday, interest on such contributions which are late shall accrue on and after the first day of delinquency at the rate of eighteen percent (18%) per annum until such

21

contributions are paid. Such interest shall accrue in addition to any liquidated damages which may be assessed. The Trustees shall have the same discretion concerning suit as set forth in paragraph (i) above.

(iii) To impose and receive from such employer any amounts Trustees in their discretion have paid for the benefit of an eligible employee of such employer, or an employee who would be eligible except for the failure of such employer to make required contributions in his behalf. Such employer shall remain liable to employees for loss of benefits under this Fund which may be caused by such delinquency.

(iv) To impose and receive from such employer all costs, audit expenses, and attorneys' fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise.

(v) To require such employer to make weekly deposits of employer contributions in an amount determined by the Trustees, based on objective standards; provided that the Trustees have given such employer reasonable notice of such requirement for weekly deposits, the amount to be deposited, the date such deposits are due, and the basis on which the weekly deposit is determined and required.

(vi) To require such employer to furnish to the Trustees a bond, with reputable surety thereon:

    (a) with the Trustees as obligees thereunder;

    (b) in an amount, determined by the Trustees, consistent with the anticipated future obligations of such employer; and

    (c) with notice provisions acceptable to the Trustees consistent with the purposes of such bond.

22