IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, and its Trustees; NATIONAL ELECTRICAL BENEFIT FUND, and its Trustees; NEW MEXICO ELECTRICIANS RETIREMENT BENEFIT FUND, and its Trustees; JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST FUND; CONTRACT ADMINISTRATION FUND; and the NATIONAL LABOR-MANAGEMENT COOPERATION FUND<br><br>v.<br><br>G&M ELECTRIC, INC. and HARTFORD FIRE INSURANCE COMPANY | §§§§§§§§§§§§§§§ | CIVIL ACTION No. 3-09-CV-0471-M |

## JUDGMENT AS TO DEFENDANT G&M ELECTRIC, INC.

Before the Court is Plaintiffs' Motion for Judgment as to Defendant G&M Electric, Inc. Only [Docket Entry #28].   On October 30, 2009, the clerk made an entry of default against Defendant G&M Electric, Inc. ("G&M").   Plaintiffs' claims against Hartford Fire Insurance Company remain in dispute.

After considering the pleadings and evidence before the Court, the Court is of the opinion that the Motion should be **GRANTED** and hereby enters **JUDGMENT** against G&M.

Plaintiffs filed suit against Defendants on March 11, 2009.   G&M was served with a copy of the summons and Complaint on March 22, 2009.   On August 4, 2009, the Court granted the Motion to Withdraw filed by G&M's attorney.   Because G&M is a corporation, it may not appear *pro se*, and the Court therefore ordered G&M to appear through counsel by September 3, 2009, advising G&M that its failure to do so could result in default.   G&M did not appear through

counsel, and the Court held G&M in default on October 16, 2009.  Because G&M is in default, Plaintiffs' allegations are taken as true.

Plaintiffs brought suit to enforce the making of reports and contributions as required by an agreement between G&M and International Brotherhood of Electrical Workers ("IBEW") Local 611, and by 29 U.S.C. § 1145.  G&M executed and delivered to IBEW Local 611 a Collective Bargaining Agreement, and authorized the New Mexico Chapter of NECA as its collective bargaining representative.  The Collective Bargaining Agreement incorporated the terms of the Trust Fund Agreements for the administration of the trusts created pursuant to ERISA, and obligated G&M to abide by them.  Pursuant to the Collective Bargaining Agreement and 29 U.S.C. § 1145, G&M became obligated to make payments pertaining to the employees covered by the Collective Bargaining Agreement and file with Plaintiffs periodic reports reflecting the hours worked by the employees and the amounts due Plaintiffs.  In the Collective Bargaining Agreement, G&M agreed to deposit health benefit and pension contributions each month, or at regular intervals, to the depository designated by the Trustees, and in the event any of the contributions became delinquent, G&M agreed to pay Plaintiffs liquidated damages on account of each delinquency, an additional sum for interest, and reasonable attorney fees.  G&M failed to make such reports or to pay such contributions for the hours worked by G&M's employees since October 2008, resulting in G&M owing contribution payments, liquidated damages, interest, and reasonable attorney fees.  Except as awarded below, Plaintiffs have waived their entitlement to liquidated damages, interest, and attorney fees.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

1.     Plaintiff, IBEW-NECA Southwestern Health and Benefit Fund, and its Trustees, have judgment against Defendant G&M Electric, Inc. for $15,652.18, for delinquent contributions from December 2008 through March 2009.

2.  Plaintiff, National Electrical Benefit Fund, and its Trustees, have judgment against Defendant G&M Electric, Inc. for $3,301.66 for delinquent contributions from December 2008 through March 2009.

3.  Plaintiff, New Mexico Electricians Retirement Benefit Fund, and its Trustees, have judgment against Defendant G&M Electric, Inc. for $13,809.95 for delinquent contributions from December 2008 through March 2009, liquidated damages of $280.00, prejudgment interest of $2,547.62, and interest from the date of judgment at the rate of 18% per annum.

4.  Plaintiff, Joint Apprenticeship and Training Committee Trust Fund, has judgment against Defendant G&M Electric, Inc. for $2,201.11 for delinquent contributions from December 2008 through March 2009.

5.  Plaintiff, Contract Administration Fund, has judgment against Defendant G&M Electric, Inc. for $1,100.55 for delinquent contributions from December 2008 through March 2009.

6.  Plaintiff, National Labor-Management Cooperation Fund, has judgment against Defendant G&M Electric, Inc. for $33.31 for delinquent contributions from December 2008 through March 2009.

7.  All other relief sought is hereby denied.

Dated this 28th day of December 2009.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS