IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IBEW-NEC SOUTHWESTERN HEALTH
AND BENEFIT FUND, and its Trustees,
NATIONAL ELECTRICAL BENEFIT FUND,
and its Trustees; NEW MEXICO
ELECTRICIANS RETIREMENT BENEFIT
FUND, and its Trustees,

    Plaintiffs,

vs.

G & M ELECTRIC, INC., and
HARTFORD FIRE INSURANCE COMPANY,

    Defendants.

No. 3-09-CV 0471-M



## NOTICE OF CHAPTER DISCHARGE OF LARRY M. MIERA AND SANDY K. MIERA

PLEASE TAKE NOTICE that Larry M. Miera (formerly associated with G & M Electric) and Sandy K. Miera, who filed a joint chapter 7 bankruptcy proceeding in the District of New Mexico on September 9, 2009, case number 09-14066-j7, received a chapter 7 discharge of debt on December 21, 2009. A copy of said discharge is attached hereto as Exhibit "A" and is incorporated herein by reference.

                                              Respectfully Submitted By:

                                              DIANE WEBB, ATTORNEY AT LAW, P.C.

                                              _____
                                              Diane Webb
                                              PO Box 30456
                                              Albuquerque, NM 87190-0456
                                              (505) 243-0600
                                              Fax: (505) 242-7140
                                              Bankruptcy Attorney for Larry & Sandy Miera

I hereby certify that a true
and correct copy of the foregoing

pleading was submitted electronically or by U.S. first class mail, postage prepaid this 19th day of May, 2010 to the following:

Matthews, Stein, Shiels
Pearce, Knott, Eden & Davis, L.L.P.
8131 LBJ Freeway, suite 700
Dallas, Texas 75251

_____
Diane Webb

B18 (Official Form 18)(12/07)

# United States Bankruptcy Court
## District of New Mexico
Case No. <u>09−14066−j7</u>
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Larry M Miera
dba G&M Electric, Inc.
2605 Campo Verde
Santa Fe, NM 87505

Sandy K Miera
2605 Campo Verde
Santa Fe, NM 87505

Last four digits of Social Security or other
Individual Taxpayer−Identification No(s)., (if any):
xxx−xx−2584                                 xxx−xx−1060

Employer's Tax−Identification No(s)., /Other No(s) (if any):

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11 United States Code (the Bankruptcy Code).

BY THE COURT

Dated: <u>12/21/09</u>

<u>Robert H. Jacobvitz</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**



Case 09-14066-j7    Doc 26    Filed 12/21/09    Entered 12/21/09 05:00:45 Page 1 of 2

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**